IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Local Union No. 9, International Brotherhood of Electrical Workers, <br><br> Plaintiff, <br> v. <br><br> Adesta, LLC, and G4S Secure Integration, LLC, <br><br> Defendants. | No. 21 C 6066 |

Memorandum Opinion and Order

On October 4, 2021, Local Union No. 9, International Brotherhood of Electrical workers (the "Union") filed an action in the Circuit Court of Cook County alleging that defendants violated the Illinois Prevailing Wage Act, 820 ILCS § 130/1, et seq. ("IPWA") by failing to pay employees the Union represents at rates equal to or exceeding rates the statute establishes for work performed on public works projects. Defendants removed the action to this court on the ground that the Union's claims, though facially arising under state law, invokes rights arising out of a collective bargaining agreement (the "CBA") governing the parties' relationship and is thus completely preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Defendants then filed a motion captioned, "Motion to Dismiss Consistent with Rule 12(b)(1)," in which they argue that dismissal

1

is warranted under Fed. R. Civ. 12(b)(6) because plaintiff failed to exhaust the grievance procedures set forth in the CBA. The Union, for its part, filed a motion to remand the case, arguing that its claims are grounded exclusively in state law and require no analysis of any rights or procedures set forth in any collective bargaining agreement. For the reasons that follow, plaintiff's motion is granted, and defendant's motion is dismissed for lack of jurisdiction.

In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). All agree that plaintiff's complaint makes no reference to the LMRA or to any collective bargaining agreement, so the question is whether its claims "really" arise under a labor contract. *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 797 (7th Cir. 2013). If they do, then the "complete preemption" doctrine—an "'independent corollary' to the well pleaded complaint rule"— "sweeps away" plaintiff's state-law theory and "re-classifies" the Union's claims as arising under the LMRA. *Id*. at 800. To determine whether this is the case, I "look beyond the face of plaintiff's allegations and the labels used to describe [its] claims" and evaluate their substance. *Id*.

2

Here, plaintiff alleges that employees it represents performed work for defendants under the classifications "electric power lineman" and "electric power lineman-foreman" on public works projects governed by contracts and/or subcontracts between defendants, on the one hand, and the Illinois State Toll Highway Authority, Commonwealth Edison ("a public utility"), and "various other state and local entities," on the other. Compl. at ¶¶ 21-22. Plaintiffs allege that these contracts "contain Illinois prevailing wage stipulations" that required defendants to pay "the prevailing wage rates" published by the Illinois Department of Labor ("IDOL"). *Id*. at ¶ 23. Indeed, the complaint includes a link to IDOL's website, which identifies the prevailing rates for "Electric Power Lineman" and "Electric Power Lineman – Foreman" for counties throughout the state. *Id*. at ¶ 25.

The complaint alleges that from at least 2016 through the present, defendants paid Union employees less than the prevailing rates published by IDOL for their positions in Cook County at various times in violation of the IWPA. The complaint does not reference any rights or obligations contained in any agreement between the parties, and nothing its allegations supports defendants' characterization of it as a "sneaky attempt to make an end run around established federal labor law precedents in this Court and Circuit." Def.'s Reply ISO Mot. to Dismiss. Defendants underscore that the prevailing rates published by IDOL for the

3

positions at issue are lower than the rates agreed upon in the CBA that defendants argue—though the Union neither pleads nor admits—governs the parties' relationship, as if that observation supported their complete preemption argument. To the contrary, however, the fact that the Union seeks the rates fixed by state law, rather than the *higher* rates that defendants promised Union employees under the CBA, only reinforces that the rights the Union asserts in this action arise under Illinois law and are wholly independent of the CBA to which defendants point.

None of the authorities defendants cite compel a contrary conclusion. For example, the plaintiff in *Duerr v. Minnesota Min. & Mfg. Co.*, 101 F. Supp. 2d 1057, 1060 (N.D. Ill. 2000), whose claims the court held preempted, sought enforcement of a settlement agreement that resolved grievances filed pursuant to the parties' CBA as well as a separate claim for breach of the CBA. Those claims explicitly arose out of the parties' labor agreement. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 500 (7th Cir. 1996), is similarly unhelpful. There, the plaintiff purported to sue under a state statute concerned with the timing of the payment of wages. The court held that the claim was preempted by the LMRA, however, explaining that to decide whether the payments at issue were timely under the state statute, the court was required to:

> determine the date on which [the employer] was required to pay the wage increases and bonuses. To determine that trigger date, we must look to the CBA, which properly

4

> governs the amount, method, and timing of payment of the bonuses and the increase in wages to the members of the bargaining unit.
>
> The basic elements of the claim for the penalties must be gleaned from the CBA. Article 7(B) is the source of the wage increase and requires interpretation, not simply reference, to determine when the local and the company agreed to the payment of the increase.

*Id*. As all agree here, by contrast, the "source" of the wage rates the Union claims is wholly independent of any provisions in the CBA to which defendants point.

In short, nothing in defendants' submissions persuades me that the LMRA completely preempts the Union's claim for prevailing wages under the IPWA. And because I lack jurisdiction over the Union's well-pleaded claims, removal was improper. Accordingly, plaintiff's motion for remand is granted, and defendant's motion to dismiss for failure to exhaust the grievance procedures contained in the CBA is dismissed for lack of jurisdiction.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: February 25, 2022

5